NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GOEN TECHNOLOGIES CORP., | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 05-4597 (WHW) |
| | : | |
| NBTY, INC., | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Plaintiff Goen Technologies Corporation ("Goen") moves pursuant to Fed. R. Civ. P. 56 for summary judgment on its complaint and Defendant NBTY, Inc.'s ("NBTY") counterclaims. Pursuant to Fed. R. Civ. P. 78, the motion is decided without oral arguments. The motion is granted in part and denied in part.

**FACTS AND PROCEDURAL HISTORY**

Goen is a New Jersey corporation which manufactures and distributes nutritional supplements and related products through various sales channels, including retail stores, mail order, and Internet sales. Among the products Goen manufactures and distributes are the Trimspa lines of dietary supplements and weight loss formulas.

NBTY is a manufacturer, wholesaler and marketer of nutritional supplements sold in the

**NOT FOR PUBLICATION**

United States and elsewhere.  In or about August 2001, Vitamin World, a subsidiary of NBTY, began selling the products Trimspa Original and Ephedra-Free X32.  NBTY purchased the products on behalf of Vitamin World from Trimspa's authorized distributor/broker New Product Concepts, Inc. ("NPC").

On about February 17, 2005, NBTY issued three purchase orders for a total of 6120 units (two for 2448 units and one for 1224 units) of "Trimspa Ephedra Free 90's" from Goen at a price of $23.97 per unit.  On about February 24, 2005, Goen shipped the three orders and issued three invoices for a total of $146,696.40 (two invoices for $58,678.56 and one for $29,339.28) to NBTY.  NBTY did not pay the invoiced amount.  On September 22, 2005, Goen filed a complaint in the District of New Jersey, alleging three separate breach of contract causes of action, one for each purchase order.  As relief, Goen requests $146,696.40, the sum due from the three purchase orders, costs of suit, and attorney's fees.

On November 8, 2005, NBTY filed an answer and asserted a four-count counterclaim against Goen.  NBTY bases its counterclaim on misrepresentations Goen allegedly made in connection with its sales to NBTY from 2002 to 2005.

NBTY alleges that in 2001, when it first started to sell the Trimspa products at issue, it purchased them from Goen's distributor for $18.00 per unit.  In about November 2002, Goen notified NBTY that the price for the Trimspa products had increased to $23.97 per unit.  NBTY alleges that as a result of the price increase it was prepared to discontinue all future orders from Goen.  To induce NBTY to continue placing orders, Goen represented that it would sell Trimspa products to NBTY at the lowest price available in the market.  NBTY maintains that it continued

-2-

**NOT FOR PUBLICATION**

to order the Trimspa products from Goen in reliance on Goen's representations.

NBTY claims that it eventually discovered Goen was charging NBTY more than it charged other similarly situated retailers. On the basis of Goen's alleged misrepresentations, NBTY filed counterclaims asserting breach of contract, fraudulent misrepresentation, common law fraud, and negligent misrepresentation causes of action.

On February 8, 2007 Goen moved for summary judgment pursuant to Fed. R. Civ. P. 56. It seeks summary judgment "in the sum of $146,696.40, plus interest" and dismissal of NBTY's counterclaims.

## LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. See id. at 248. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more

**NOT FOR PUBLICATION**

than simply show that there is some metaphysical doubt as to the material facts in question."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To survive a

motion for summary judgment, a non-movant must present more than a mere scintilla of

evidence in his favor. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). The

opposing party must set forth specific facts showing a genuine issue for trial and may not rest

upon the mere allegations or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d

Cir. 2001). At the summary judgment stage the court's function is not to weigh the evidence and

determine the truth of the matter, but rather to determine whether there is a genuine issue for

trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and

inferences in the light most favorable to the non-moving party. Curley v. Klem, 298 F.3d 271,

277 (3d Cir. 2002).


## DISCUSSION

Goen moves for summary judgment on its complaint and NBTY's counterclaim. The

Court will first examine the counterclaim and determine whether a genuine and material issue of

fact exists. If it does, the Court can turn to the complaint and determine whether the complaint

and any remaining counterclaims are sufficiently linked factually to recommend denying

summary judgment on the complaint as well. See TPO, Inc. v. FDIC, 487 F.2d 131, 134 (3d Cir.

1973).

**NOT FOR PUBLICATION**

## I. The Counterclaim

### A. Breach of Contract

The breach of contract cause of action in NBTY's counterclaim arises from an alleged oral contract that Goen would charge NBTY the lowest price available in the market in return for NBTY's continued business. To prevail on a breach of contract claim under New Jersey law, a plaintiff must prove four elements: (1) a valid contract existed between plaintiff and defendant; (2) defendant breached this contract; (3) plaintiff performed under this contract; and (4) plaintiff was damaged as a result of defendant's breach." Video Pipeline, Inc. v. Buena Vista Home Entm'nt, Inc., 275 F. Supp. 2d 543, 566 (D.N.J. 2003) (citing Coyle v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. A.D. 1985). Goen argues that summary judgment should be granted in its favor because NBTY cannot prove the first element of its breach of contract counterclaim: a valid contract between the parties.

To prove a valid contract existed, a party must prove there was an offer, acceptance and consideration. See Smith v. SBC Commc'ns, Inc., 178 N.J. 265, 283 (2004). Moreover, the contract "must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (quoting West Caldwell v. Caldwell, 26 N.J. 9, 24-25 (1958)). This requires that the parties agree "on essential terms and manifest an intention to be bound by those terms.'" Weichert, 128 N.J. at 435. In other words, there must have been "a meeting of the minds of the contracting parties." DeVries v. The Evening Journal Ass'n, 9 N.J. 117, 119-20 (1952). Among other arguments, Goen claims that NBTY cannot prove that any of the interactions between Goen

-5-

**NOT FOR PUBLICATION**

and NBTY amounted to an offer.

"An offer is the manifestation of willingness to enter into a bargain, so made as to justify

another person in understanding that his assent to that bargain is invited and will conclude it."

Restatement (Second) of Contracts § 24 (1981) (cited in <u>Fletcher-Harlee Corp. v. Pote Concrete

Contractors, Inc.</u>, 482 F.3d 247, 250 (3d Cir. 2007) (discussing New Jersey law)). In turn, a party

may manifest his assent to an agreement wholly or partly by written or spoken words or by other

acts. Restatement (Second) of Contracts § 19 (1981) (cited in <u>Weichert</u>, 128 N.J. at 435).

Parties can bind themselves orally, without any further formalities, if they agree on the essential

terms of the contract and intend to be bound. <u>Cal. Natural, Inc. V. Nestle Holding, Inc.</u>, 631 F.

Supp. 465 (D.N.J. 1986).

NBTY cannot demonstrate a genuine and material issue of fact exists as to its breach of

contract claim. The sum of NBTY's evidence is insufficient to convince a reasonable jury that a

contract existed, because there was no offer. NBTY maintains that Goen offered to sell its

product to NBTY for the lowest price available in the market in exchange for NBTY's continued

business. The evidence simply cannot establish that Goen made such an offer to NBTY.

When viewed in the light most favorable to the non-moving party, NBTY's evidence at

most could support a jury's conclusions that: (1) NBTY expressed concerns to Goen about

increase in the price it was charged for the Trimspa products; (2) NBTY expressed concerns to

Goen that certain competitors were selling the product under the price Goen was charging

NBTY; (3) NBTY seriously contemplated stopping its purchases of the Trimspa products; and

(4) Goen representatives assured NBTY that no other customer was getting a better deal on the

NOT FOR PUBLICATION

product.

Absent additional evidence, Goen's assurances cannot be construed as "the manifestation of [its] willingness to enter into a bargain, so made as to justify [NBTY] in understanding that [its] assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981).  Nor do the words and actions of Goen provide any basis for ascertaining the "performance to be rendered by each party . . . with reasonable certainty."  Weichert, 128 N.J. at 435.  In short, Goen proposed no reasonably definite bargain.  The Court finds no genuine and material issue of fact exists that no offer to NBTY was made by Goen and no contract was formed.  The Court grants summary judgment to Goen on the NBTY counterclaim's contract cause of action.

### B.  Fraudulent Misrepresentation, Common Law Fraud, and Negligent Misrepresentation

Goen also seeks summary judgment on NBTY's common law fraud, fraudulent misrepresentation, and negligent misrepresentation causes of action.  These counterclaims are based on Goen's alleged misrepresentations that it was selling the Trimspa products to NBTY at the lowest price available in the market.

Under New Jersey law, an essential element of all three claims – common law fraud, fraudulent misrepresentation, and negligent misrepresentation – is justifiable or reasonable reliance on the other party's misrepresentation.  See McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 2005 WL 3500032, at *4 (D.N.J. Dec. 20, 2005) ("justifiable reliance on the misrepresentation" element of fraudulent misrepresentation claim) (quoting Richie and Pat Bonvie Stables, Inc. v. Irving, 350 N.J. Super. 579, 589 (App. Div. 2002)); Banco Popular North

-7-

**NOT FOR PUBLICATION**

America v. Gandi, 184 N.J. 161, 172-73 (2005) ("reasonable reliance" on material misrepresentation is element of common law fraud claim) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)); Travelodge Hotels, 357 F. Supp. 2d at 799 ("to establish a claim for negligent misrepresentation, a plaintiff must show that '[a]n incorrect statement, [was] negligently made and justifiably relied on'") (quoting Kaufman v. I-Stat Corp., 165 N.J. 94 (2000)).

        Goen argues for summary judgment on the fraudulent misrepresentation and common law fraud claims because NBTY cannot prove its reliance on Goen's misrepresentations.  Goen maintains that NBTY representatives' deposition testimony shows that NBTY did not believe Goen's representations about the pricing of the Trimspa products and purchased the products from Goen solely because of the demand at its stores.

        Contrary to Goen's representations, the deposition testimony does not conclusively demonstrate that NBTY did not rely on Goen's misrepresentation.  NBTY presents deposition evidence which could support a jury's finding that NBTY planned to cancel its relationship with Goen after its price for the Trimspa products increased, but continued to purchase the products only after Goen made repeated reassurances that no other customer was receiving preferential treatment.  The Court finds that NBTY's evidence, viewed cumulatively and in the light most favorable to the non-moving party, could support a reasonable jury's determination that NBTY justifiably or reasonably relied on Goen's misrepresentations.

        In addition, the consensus of courts appears to be that the question of whether a plaintiff relied on a misrepresentation, and whether that reliance was reasonable, is a question of fact best

-8-

NOT FOR PUBLICATION

reserved for the jury. See Van Dam Egg Co. v. Allendale Farms, Inc., 199 N.J. Super. 452, 458

(N.J. Super. A.D. 1985), 489 A.2d 1209; Union Trust Co. of Md. v. Wakefern Food Corp., No.

86-728, 1989 WL 120756, at *25 (D.N.J. Sept. 8, 1989); Automated Salvage Transp., Inc. v. NV

Koninklijke KNP BT, 106 F. Supp. 2d 606, 625-26 (D.N.J. 1999). Accordingly, Goen's motion

for summary judgment on NBTY's common law fraud, fraudulent misrepresentation, and

negligent misrepresentation causes of action is denied.


## II. The Complaint

Goen's complaint states three breach of contract causes of action based on the three

Trimspa purchase orders. Goen asserts that it is entitled to summary judgment because no

material issue of fact exists as to NBTY's breach of the three contracts. NBTY opposes Goen's

motion not on the grounds that there exists any genuine and material issue of fact with respect to

NBTY's breach of the contracts, but because Goen's breach of contract claim should not be

disposed of without resolution of NBTY's compulsory counterclaims.

If the claims in a complaint and compulsory counterclaim are so closely related that an

issue of fact in one may prove important to both, then summary judgment on the complaint is

inadvisable when material issues of fact remain as to the counterclaim. See TPO Inc. v. FDIC,

487 F.2d 131, 134 (3d Cir. 1973); Associated Hardware Supply Co. v. Big Wheel Distrib. Co.,

355 F.2d 114 (3d Cir. 1964); Allis-Chalmers Corp. v. Phila. Elec. Co., 64 F.R.D. 135, 138 (E.D.

Pa. 1974). In contrast, when the counterclaims were factually separable from the plaintiff's

claim, federal courts have entered summary judgment on a plaintiff's claim despite material

-9-

NOT FOR PUBLICATION

issues of fact relating to the counterclaims. See Scheiffelin & Co. v. Valley Liquors, Inc., 823

F.2d 1064 (7th Cir. 1987); Jefferson Ward Stores, Inc. v. Doody Co., 102 F.R.D. 257 (E.D. Pa.

1984).

The Court finds the Third Circuit's decisions in TPO and Big Wheel Distributing are

highly relevant, because the facts of those cases closely mirror those here. As in those cases, the

plaintiff here asserts breach of contract claims and the defendant asserts fraud defenses and

counterclaims. See TPO, 487 F.2d 131; Big Wheel Distrib., 355 F.2d 114; Jefferson Ward

Stores, 102 F.R.D. at 258. Because NBTY raised fraud as an affirmative defense in the contract

action, it is likely that factual issues related to the fraud counterclaims will be relevant to the

determination of damages under the complaint.

Goen does not argue that TPO and the other cases are not relevant here nor does it dispute

that a close factual relationship exists between Goen's breach of contract claim and NBTY's

fraudulent misrepresentation, common law fraud, and negligent misrepresentation

counterclaims.[1] Rather, it contends that the Court should grant it summary judgment on the

complaint because no genuine material issue of fact exists as to the counterclaims.

However, the Court has denied summary judgment on three of NBTY's counterclaims

because numerous genuine issues of material fact do remain. Accordingly, the Court also denies

Goen's motion for summary judgment on the complaint.

---

[1]Goen does not dispute that NBTY's counterclaims are compulsory under Fed. R. Civ. P.
13(a).

-10-

**NOT FOR PUBLICATION**

<u>**CONCLUSION**</u>

Goen's motion for summary judgment as to its complaint and NBTY's common law

fraud, fraudulent misrepresentation, and negligent misrepresentation counterclaims is denied.

Goen's motion for summary judgment as to NBTY's breach of contract counterclaim is granted.


September 4, 2007                                   <u>**s/ William H. Walls**</u>
                                                    United States Senior District Judge

-11-